### NATIONAL LABOR RELATIONS BOARD, Petitioner,

v.

### OFFENHAUSER COMPANY, Respondent.

No. 30221

Summary Calendar.*

United States Court of Appeals, Fifth Circuit.

Feb. 1, 1971.

Rehearing Denied and Rehearing En Banc Denied May 11, 1971.

Clifford W. Potter, Director, Region 23, NLRB, Houston, Tex., Arnold Ordman, Gen. Counsel, Dominick L. Manoli, Associate Gen. Counsel, Marcel Mallet-Prevost, Asst. Gen. Counsel, Frank H. Itkin, William J. Avrutis, Attys., NLRB, for petitioner.

James V. Carroll, III, Houston, Tex., Andrews, Kurth, Campbell & Jones, Houston, Tex., for respondent.

---

* ■ Rule 18, 5 Cir.; See Isbell Enterprises, Inc. v. Citizens Casualty Company of New York et al., 5 Cir. 1970, 431 F.2d 409, Part I.

Before WISDOM, COLEMAN and SIMPSON, Circuit Judges.

PER CURIAM:

This case comes before us on application from the National Labor Relations Board (Board) for enforcement of its determination that the respondent, Offenhauser Company, (Company) violated Section 8(a) (5) and (1) of the National Labor Relations Act by refusing to recognize and bargain with the Union[1] as the certified representative of its employees in an appropriate bargaining unit.[2] We enforce the Board's decision and order.

On August 30, 1968, pursuant to a Stipulation for Certification Upon Consent Election, the Regional Director for the Board's Twenty-third Region conducted a secret ballot election among the Company's employees in an agreed upon unit. Of approximately 106 eligible voters, 52 voted for and 43 voted against the Union. Shortly thereafter the Company filed timely objections to the Union's conduct which it claimed affected the outcome of the election. In summary, the Company asserted:

1. The Union through its agents committed acts of coercion and made threats against Offenhauser Company employees for the purpose of influencing votes.

2. The Union grossly misrepresented the Company's recent profits and ability to provide higher wages and benefits for its employees for the purpose of influencing votes.

3. The Union slandered and falsely discredited Wall Street Journal reports regarding union activities which were posted by the Company.

4. At its last meeting prior to the election, the Union through its agents stated that a perfectly legitimate message contained in a Company paper was illegal and that if the Company won the election the Union would have the election reversed based on the language contained in said letter.

5. The Union, falsely and for the wrongful purpose of influencing votes, made a statement in its final letter to the employees that "all of the employees in your shop" can attend a special meeting and vote on whether or not a strike vote will be called and that two-thirds of such employees would determine whether a strike would be called.

6. The Union appointed an observer in the election and allowed him to vote (unknown to the Company) although he had quit and taken full-time employment at another company.

7. The Union influenced votes by promising and giving payment for Union Support in the election.

On October 30, 1968, the Regional Director ordered that a hearing be held on the objections before a hearing officer, and on November 14, 1968, a hearing was held. On December 16, 1968, the hearing officer issued his report recommending that all of the Company's objections be overruled. The Board subsequently adopted the hearing officer's recommendations, and on March 3, 1969, entered the appropriate certificate of representation. On June 13, 1969, the unfair labor practice charge was filed, and the General Counsel moved for summary judgment on October 10, 1969. After the filing of opposing briefs the Board entered its summary order on December 16, 1969, finding the Company guilty of an unfair labor practice.

■■ Without discussing each of the Company's objections, we find substantial support in the record for the Board's finding that the Company has not shown sufficient evidence to require the setting aside of the election. Since we find that the Board properly certified the Union, and since the Company's sole reason for refusal to bargain was that the Board's certification of the Union is invalid, it follows that refusal to bargain was a violation of Section 8(a) (5) and (1) of the Act.

■ The Company also claims that the Board improperly invoked summary

1. Sheet Metal Workers' International Association, AFL–CIO, Local Unit 54.

2. The Board's decision and order are reported at 180 NLRB No. 74.

judgment procedures in finding an unfair labor practice and erred in refusing to allow the Company a hearing for the presentation of alleged newly-discovered evidence. Review of the "newly-discovered evidence" demonstrates that it constituted no more than an effort to reargue those matters raised in the Company's objection No. 5 above. Furthermore, where the refusal to bargain is based on the alleged invalidity of the representation certificate, a single trial of the issue of representation is likewise dispositive of the charge of an unfair labor practice for refusal to bargain. Pittsburgh Plate Glass Company v. N.L.R.B., 1941, 313 U.S. 146, 157–158, 61 S. Ct. 908, 85 L.Ed. 1251, 1261. Summary judgment was appropriate.

The order of the National Labor Relations Board is

Enforced.

### ON PETITION FOR REHEARING AND PETITION FOR REHEARING EN BANC

PER CURIAM:

The Petition for Rehearing is denied and no member of this panel nor Judge in regular active service on the Court having requested that the Court be polled on rehearing en banc, (Rule 35 Federal Rules of Appellate Procedure; Local Fifth Circuit Rule 12) the Petition for Rehearing En Banc is denied.